**Sam BEACH, Plaintiff,**

**v.**

**UNITED AIRLINES, INC., Defendant.**

**No. 01–3377.**

United States District Court,
C.D. Illinois,
Springfield Division.

May 22, 2002.

Christopher Henson, Galesburg, IL, for Plaintiff.

Linda J. Schneider, Chicago, IL, for Defendant.

## OPINION

RICHARD MILLS, District Judge.

A question of venue.

## BACKGROUND

Sam Beach is suing over events that occurred on April 26, 2001 as he was boarding United Airlines Flight 1116 from Chicago, Illinois to Cleveland, Ohio.

He approached the airplane with the assistance of a wheelchair as both of his legs had been amputated. At the entrance of the plane, Beach was told his wheelchair had to be stored and could not be used on the plane. As a result, he was forced to walk on his hands to his seat.

Upon reaching his seat in the 17th row, he discovered there was no available seat on the aisle. Beach informed the flight attendant that he could not crawl into the middle seat. The flight attendant offered him a seat in the bulkhead—at the front of the airplane. Beach alleges he was forced to return to the front of the plane and to eventually exit the plane without any assistance from United Airlines.

Plaintiff Beach alleged that these actions taken by Defendant United Airlines violated 49 U.S.C. § 41701. United filed a motion to dismiss in response. But before the Court addressed Defendant's motion, it wanted to ensure that the Central District of Illinois was the proper venue to resolve this dispute.[1] Accordingly, the Court requested additional briefing by the parties regarding the issue of venue. All briefs having been submitted, the Court will quickly resolve this question.

## ANALYSIS

In his brief, Plaintiff states that on the date in question he flew from Springfield, Illinois to the Chicago O'Hare Airport aboard a United Express airplane. Plaintiff alleges that United Express is a division or subsidiary of United Airlines, Inc. that connects passengers to United Airlines flights. Plaintiff asserts that both United Express and United Airlines maintain a regular flight schedule in the Central District of Illinois. Based on this contact, Plaintiff alleges that Defendant is subject to personal jurisdiction and could have reasonably anticipated being haled into court in this District. Plaintiff asserts that since defendant is subject to personal jurisdiction in this district, venue is proper here. *See* 28 U.S.C. § 1391(c).

---

1. In his complaint, Plaintiff asserted that venue was proper here because he resided in the Central District. However, 28 U.S.C. § 1391 indicates that venue is determined by the activities of Defendant—not Plaintiff.

Defendant responds that the Northern District of Illinois would be a proper venue because its principal place of business is located in Cook County, Illinois. *See* 28 U.S.C. § 1391(b)(1). In addition, some of the events at issue took place in the Northern District. *See* 28 U.S.C. § 1391(b)(2). However, Defendant recognizes that the Central District may also be an appropriate venue and emphasizes that proving so is Plaintiff's burden. *See Pepsico, Inc. v. Marion Pepsi–Cola Bottling Co.*, No. 99 C 3939, 2000 WL 263973 *3 (N.D.Ill. March 6, 2000).

When a defendant is a corporation, venue is proper in any "judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). If a state has more than one district in which a corporation would be subject to personal jurisdiction, "such corporation shall be deemed to reside in any district in that State within which its contact would be sufficient to subject it to personal jurisdiction if that district were a separate State." *Id.* Therefore, the Court must determine whether United Airlines, Inc. would be subject to personal jurisdiction within the Central District of Illinois.

In a federal question case, the court's assertion of personal jurisdiction must satisfy the Due Process Clause of the Fourteenth Amendment, which requires that defendant must have "certain minimum contacts with [the district] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945), quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940). Defendant may be subject to personal jurisdiction either by way of general or specific jurisdiction. *See RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir.1997). General jurisdiction is appropriate when the defendant has "continuous and systematic general business contacts" with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

Plaintiff has alleged that United Express, a division or subsidiary of United Airlines, Inc., and United Airlines fly to and from Springfield, Illinois on a regular basis. With such continuous and systematic contacts, Defendant is subject to personal jurisdiction in the Central District of Illinois. Because Defendant is a corporation that is subject to personal jurisdiction in the Central District of Illinois, this Court is a proper venue for the dispute. *See* 28 U.S.C. § 1391(c).